**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **TAPANGA HARDEMAN, DANIEL WILLIAMS, LEWIS MYLES, QUENTA LAMAR WASHINGTON, and LAVONTE MUREL,** | |
| **Plaintiffs,** | |
| | **No. :** |
| **v.** | |
| **COUNTY OF LAKE, OFFICE OF THE LAKE COUNTY SHERIFF, SHERIFF MARK CURRAN, CHIEF DAVID WATHEN, and JOHN DOE OFFICERS and SUPERVISORS,** | **Honorable:** |
| **Defendants.** | |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, TAPANGA HARDEMAN, DANIEL WILLIAMS, LEWIS MYLES, QUENTA LAMAR WASHINGTON, and LAVONTE MUREL, by and through their attorneys, O'CONNOR LAW FIRM, LTD., and alleges the following against the Defendants, COUNTY OF LAKE, OFFICE OF THE LAKE COUNTY SHERIFF (hereinafter referred to as "LAKE COUNTY SHERIFF"), SHERIFF MARK CURRAN, CHIEF DAVID WATHEN, and JOHN DOE OFFICERS and SUPERVISORS, for the reasons set forth below:

## JURISDICTION

1.     The jurisdiction of the court is involved pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331, § 1343, and (b); the Constitution of the United States; and this Court's supplementary jurisdiction powers pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois.

3.      One or more of the Class of Plaintiffs have exhausted administrative remedies reasonably available to them prior to bringing their 42 U.S.C. § 1983 civil rights claim in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

## PARTIES

### Plaintiffs

4.      Plaintiff, TAPANGA HARDEMAN, was at all relevant times, a resident of the State of Illinois and of the United States of America, and was an inmate at the Lake County Adult Correctional Facility in the City of Waukegan, County of Lake, State of Illinois.

5.      Plaintiff, DANIEL WILLIAMS, was at all relevant times, a resident of the State of Illinois and of the United States of America, and was an inmate at the Lake County Adult Correctional Facility in the City of Waukegan, County of Lake, State of Illinois.

6.      Plaintiff, QUENTA LAMAR WASHINGTON, was at all relevant times, a resident of the State of Illinois and of the United States of America, and was an inmate at the Lake County Adult Correctional Facility in the City of Waukegan, County of Lake, State of Illinois.

7.      Plaintiff, LEWIS MYLES, was at all relevant times, a resident of the State of Illinois and of the United States of America, and was an inmate at the Lake County Adult Correctional Facility in the City of Waukegan, County of Lake, State of Illinois.

8.      Plaintiff, LAVONTE MUREL, was at all relevant times, a resident of the State of Illinois and of the United States of America, and was an inmate at the Lake County Adult Correctional Facility in the City of Waukegan, County of Lake, State of Illinois.

## **Defendants**

9.     Defendant, LAKE COUNTY, is a governmental entity within the State of Illinois which funds and operates the Lake County Jail and is a necessary party and is ultimately responsible for Judgment or Settlement.

10.     Defendant, SHERIFF MARK CURRAN (hereinafter referred to as "CURRAN") was at all times relevant, the duly elected sheriff of Lake County and the chief administrator of the Lake County Jail.  At all times relevant, he was acting under color of law and in the course and scope of his employment as the agent, servant and an official policy maker for the Defendant, LAKE COUNTY on issues relating to care of prisoners in Lake County Jail and the policies, procedures and customs, as well as the acts and omissions, challenged by this suit and as the County's chief law enforcement officer. Defendant CURRAN was the commanding officer of all Lake County sheriff's deputies, correctional officers, and jail employees and he was responsible for their training, supervision and conduct.  He is being sued in his official and individual capacities.

11.     Defendant, CHIEF DAVID WATHEN (hereinafter WATHEN), was at all relevant times, the Chief of Corrections in the Lake County Sherriff's Office. At all times relevant, he was acting under color of law and in the course and scope of his employment as the agent, servant and an official policy maker for the Defendant, LAKE COUNTY, on issues relating to the care of prisoners in Lake County Jail and the policies, procedures and customs, as well as the acts and omissions, challenges by this suit and as the Sheriff's Chief of Corrections. He was one of the commanding officer of all Lake County correctional officers and jail employees, and he was responsible for their training, supervision, and conduct.  He is being sued in his official and individual capacities.

3

12.     Defendants, LAKE COUNTY and CURRAN, are responsible for the establishment and implementation of the policies, procedures, practices, and customs, as well as the acts and omissions charged in this Complaint.

13.     Defendant, LAKE COUNTY, is also responsible for ensuring that all of its facilities, including the Lake County Jail, are in compliance with federal and state law, department or agency policies, rules and regulations, and related standards of care.

14.     The LAKE COUNTY SHERIFF is a duly incorporated municipal corporation in the State of Illinois and at all times relevant, Defendant, the LAKE COUNTY SHERIFF, owned, operated and maintained the Lake County Jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under the color of State Law.

15.     JOHN DOE OFFICERS AND SUPERVISORS were other correctional officers and supervisors at the Lake County Jail during the events complained of and contributed to injuries suffered by the Plaintiffs, through their actions or omissions.  JOHN DOE OFFICERS and SUPERVISORS are sued in their individual capacities. Plaintiff will ask leave of the Court to amend this Complaint to insert these Defendants' true names and capacity when same have been ascertained and will further ask leave to join said Defendants in these proceedings.

## CLASS CERTIFICATION ALLEGATION

16.     All Plaintiffs bring this action on their own behalf and pursuant, to Rules 23(a), and 23(b)(1) of the Federal Rules of Civil Procedure, on behalf of a class of affected inmates in the Lake County Adult Correctional Facility located at 20 S County Street, in the City of Waukegan, County of Lake, State of Illinois.

17.    **Numerosity**

The class is so numerous that joinder of all members is impracticable. The aforementioned allegations have affected all inmates in the Lake County Adult Correctional Facility at the times alleged. At any time, the Lake County Adult Correctional Facility can maintain a capacity of 740 inmates. As such joinder of all members of the class is impracticable.

18.    **Commonality**

There are questions of law and fact common to all members of the class. Such questions include, but are not limited to:

a.   Intentionally shut off the water at Lake County Adult Correctional Facility;

b.   Failed or intentionally deprived class members the necessary amount of drinking water;

c.   Failed or intentionally deprived class members from taking a shower;

d.   Failed or intentionally subjected class members to be in a cell while feces and urine festered in the toilet for a prolonged period of time;

e.   Had inadequate policies and/or procedures in effect to ensure the safety, health and well-being of the class members, when they shut the water off;

f.   Failed or intentionally caused class members to live in inhumanely and unsanitary conditions;

g.   Failed or intentionally ignored to address class members requests for additional water, and concerns of living in unsanitary conditions

19.    **Typicality**

The claims of the plaintiffs are typical of those of the plaintiff class. Each of the named plaintiffs, as well as the class members, were subject to the water being shutoff in the

Lake County Adult Correctional Facility during the times alleged and suffered various and common injuries therefrom.

20.    **Adequacy**

Plaintiffs are capable of fairly and adequately protecting the interest of the plaintiff class and will diligently serve as class representatives. Plaintiffs do not have any interests antagonistic to the class. Finally, plaintiffs are represented by counsel experienced in civil rights litigation.

21.    **Rule 23(b)(1)**

This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1) because the prosecution of separate actions by individuals would create a risk of inconsistent and varying adjudications, which in turn would establish incompatible standards of conduct for the defendants. Additionally, the prosecution of separate actions by individual members could result in adjudications with respect to individual members that, as a practical matter, would substantially impair the ability of other members to protect their interests.

## GENERAL ALLEGATIONS and FACTUAL SUMMARY

22.    On or around November 7, 2017, and at all times relevant, Plaintiffs, TAPANGA HARDEMAN, DANIEL WILLIAMS, QUENTA LAMAR WASHINGTON, LEWIS MYLES, and LAVONTE MUREL, were inmates at the Lake County Adult Correctional Facility in the City of Waukegan, County of Lake, State of Illinois.

23.    On or about November 7, 2017, Defendants, COUNTY OF LAKE, LAKE COUNTY SHERIFF, CURRAN, WATHEN, JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, turned off the water at the Lake County Adult Correctional

Facility. Defendants never informed the Lake County Jail inmates, including but not limited to the Plaintiffs, that the water was going to be turned off.

24.     On or about November 7, 2017, Defendants, COUNTY OF LAKE, LAKE COUNTY SHERIFF, CURRAN, WATHEN, JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, individually and/or by and through their agents, servants, and/or employees, implemented a policy limiting all Lake County Jail inmates, including but not limited to the Plaintiffs, to five water bottles per day for all personal needs.

25.     From on or about November 7, 2017 through November 10, 2017, said policy of the Defendants, COUNTY OF LAKE, LAKE COUNTY SHERIFF, CURRAN, WATHEN, JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, individually and/or by and through their agents, servants, and/or employees, required all Lake County Jail inmates, including but not limited to the Plaintiffs, to use the water bottles for everything, including but not limited to, drinking, cooking, brushing teeth, washing hands and face, and to take with medication. Lake County Jail correctional officers, and employees, denied inmate requests for additional water bottles, and in some instances placed inmates on lockdown for repeatedly requesting additional water bottles. As a result, inmates were either unable to take their medication, or were deprived of the necessary amount of drinking water to stay hydrated while taking medication.

26.     On or about November 7, 2017, Defendants, COUNTY OF LAKE, LAKE COUNTY SHERIFF, CURRAN, WATHEN, JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, individually and/or by and through their agents, servants, and/or employees, implemented a policy prohibiting inmates, including but not limited to the Plaintiffs, from flushing the toilets in their cells unless feces were present, and were not allowed

7

to flush their toilets overnight. Furthermore, each "Pod" had a barrel of water, and said policy required inmates, including but not limited to the Plaintiffs, to use the water for bathing, cleaning their cells, and flushing their toilets. Despite using said water to flush toilets when feces were present, Lake County Jail inmates, including but not limited to Plaintiffs, attempts to flush were unsuccessful and feces and urine remained in the toilets. Thus, Lake County Jail inmates, including but not limited Plaintiffs, were required to be situated in their cells with urine and feces festering for prolonged period of times. The presence of urine and feces festering in toilets produced a distinct, putrid aroma that caused inmates to become sick, sleep deprived, and agitated. The presence of urine and feces also attracted insects.

27.     Furthermore, Lake County Jail inmates, were required to share water from the barrel of water in their "Pods" for bathing, showering, and personal hygiene matters. Moreover, Lake County Jail inmates, including but not limited to the Plaintiffs, were required to use the same water to clean their cells.

28.     From on or about November 7, 2017 through November 10, 2017, due to the Defendants' conduct, Lake County Jail inmates, including but not limited to the Plaintiffs, were forced to live inhumanely, unsanitary conditions, and were deprived of the necessary amount of drinking water to keep them hydrated, and to satisfy basic health and medical needs. As a result, Lake County Jail inmates, including but not limited to the Plaintiffs, suffered from a variety of ailments, including but not limited to, dehydration, migraine headaches, sickness, dizziness, constipation, and general malaise.

29.     On the evening of November 10, 2017, Defendants, COUNTY OF LAKE, LAKE COUNTY SHERIFF, CURRAN, WATHEN, JOHN DOE LAKE COUNTY SHERIFF

OFFICERS AND SUPERVISORS, individually and/or by and through their agents, servants, and/or employees, turned the water back on at the Lake County Adult Correctional Facility.

**COUNT I**
**Tapanga Hardeman Against All Defendants for Violations of the Eighth and Fourteenth Amendment Rights**

30.     Plaintiff, TAPANGA HARDEMAN, restates and re-alleges by reference paragraphs 1 through 29 as though fully set forth herein as Paragraph 30 of Count I of this complaint.

31.   From November 7, 2017 until and including November 10, 2017, and at all times material, the Defendant, the LAKE COUNTY SHERIFF, owned, operated and maintained the Lake County Jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under the color of State Law.

32.   From November 7, 2017 until and including November 10, 2017, Plaintiff, TAPANGA HARDEMAN, was a pretrial detainee in the care, custody and control of the LAKE COUNTY SHERIFF.

33.   From November 7, 2017, until and including November 10, 2017, Plaintiff, TAPANGA HARDEMAN, was under the actual care, custody and control of the Defendant, LAKE COUNTY SHERIFF and the Lake County Jail, who therefore became responsible for Plaintiff, TAPANGA HARDEMAN'S health, safety and overall welfare.

34.   From November 7, 2017, until and including November 10, 2017, notwithstanding the duties and obligations described above, the Defendants, LAKE COUNTY SHERIFF, LAKE COUNTY, CURRAN, WATHEN and JOHN DOE LAKE COUNTY SHERIFF OFFICERS, by and through its agents and employees, committed one or more of the following acts of deliberate and utter indifference:

9

a. Intentionally shut off the water at Lake County Adult Correctional Facility;

b. Failed or intentionally deprived Plaintiff, TAPANGA HARDEMAN, the necessary amount of drinking water;

c. Failed or intentionally deprived Plaintiff, TAPNGA HARDEMAN, from taking a shower;

d. Failed or intentionally subjected Plaintiff, TAPANGA HARDEMAN, to be in a cell while feces and urine festered in the toilet for a prolonged period of time;

e. Had inadequate policies and/or procedures in effect to ensure the safety, health and well-being of Plaintiff, TAPANGA HARDEMAN, when they shut the water off;

f. Failed or intentionally caused Plaintiff, TAPANGA HARDEMAN, to live in inhumanely and unsanitary conditions;

g. Failed or intentionally ignored to address Plaintiff, TAPNGA HARDEMAN'S requests for additional water, and concerns of living in unsanitary conditions;

35. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff, TAPANGA HARDEMAN, was deprived of rights, privileges and immunities guaranteed by her Eighth and Fourteenth Amendments to the United States Constitution, namely she was subjected to inhumanely and unsanitary living conditions and as result suffered injuries.

36. Defendants knew or should have known that shutting off the water at the Lake County Adult Correctional Facility, and limiting the Plaintiff, TAPANGA HARDEMAN, to five water bottles per day for all purposes, would result in her becoming sick or otherwise general malaise. By failing to act in the face of an obvious risk, the Defendants' failure to take adequate precautions to ensure that Plaintiff, TAPANGA HARDEMAN, had sufficient water for all purposes, was the direct and proximate cause of her injuries.

WHEREFORE, Plaintiffs demand damages, jointly and severally, against OFFICE OF THE LAKE COUNTY SHERIFF, SHERIFF MARK CURRAN, LAKE COUNTY JAIL, CHIEF DAVID WATHEN AND JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, and for such other and further relief as this Court deems equitable and just.

## COUNT II
### Daniel Williams Against All Defendants for Violations of the Eighth and Fourteenth Amendment Rights

37.     Plaintiff, DANIEL WILLIAMS, restates and re-alleges by reference paragraphs 1 through 29 as though fully set forth herein as Paragraph 37 of Count II of this complaint.

38.   From November 7, 2017 until and including November 10, 2017, and at all times material, the Defendant, the LAKE COUNTY SHERIFF, owned, operated and maintained the Lake County Jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under the color of State Law.

39.   From November 7, 2017 until and including November 10, 2017, Plaintiff, DANIEL WILLIAMS, was a pretrial detainee in the care, custody and control of the LAKE COUNTY SHERIFF.

40.   From November 7, 2017, until and including November 10, 2017, Plaintiff, DANIEL WILLIAMS, was under the actual care, custody and control of the Defendant, LAKE COUNTY SHERIFF and Lake County Jail, who therefore became responsible for Plaintiff, DANIEL WILLIAMS' health, safety and overall welfare.

41.   From November 7, 2017, until and including November 10, 2017, notwithstanding the duties and obligations described above, the Defendants, LAKE COUNTY SHERIFF, LAKE COUNTY, CURRAN, WATHEN and JOHN DOE LAKE COUNTY SHERIFF OFFICERS,

by and through its agents and employees, committed one or more of the following acts of deliberate and utter indifference:

    a.  Intentionally shut off the water at Lake County Adult Correctional Facility;

    b.  Failed or intentionally deprived Plaintiff, DANIEL WILLIAMS, the necessary amount of drinking water;

    c.  Failed or intentionally deprived Plaintiff, DANIEL WILLIAMS, from taking a shower;

    d.  Failed or intentionally subjected Plaintiff, DANIEL WILLIAMS, to be in a cell while feces and urine festered in the toilet for a prolonged period of time;

    e.  Had inadequate policies and/or procedures in effect to ensure the safety, health and well-being of Plaintiff, DANIEL WILLIAMS, when they shut the water off;

    f.  Failed or intentionally caused Plaintiff, DANIEL WILLIAMS, to live in inhumanely and unsanitary conditions;

    g.  Failed or intentionally ignored the Plaintiff, DANIEL WILLIAMS' requests for additional water, and concerns of living in unsanitary conditions;

42.  As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff, DANIEL WILLIAMS, was deprived of rights, privileges and immunities guaranteed by his Eighth and Fourteenth Amendments to the United States Constitution, namely he was subjected to inhumanely and unsanitary living conditions and as a result suffered injuries.

43.  Defendants knew or should have known that shutting off the water at the Lake County Adult Correctional Facility, and limiting the Plaintiff, DANIEL WILLIAMS, to five water bottles per day for all purposes, would result in him becoming sick or experienced general malaise. By failing to act in the face of an obvious risk, the Defendants' failure to take adequate

precautions to ensure that Plaintiff, DANIEL WILLIAMS, had sufficient water for all purposes, was the direct and proximate cause of her injuries.

WHEREFORE, Plaintiffs demand damages, jointly and severally, against OFFICE OF THE LAKE COUNTY SHERIFF, SHERIFF MARK CURRAN, LAKE COUNTY JAIL, CHIEF DAVID WATHEN AND JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, and for such other and further relief as this Court deems equitable and just.

## COUNT III
### Quenta Lamar Washington Against All Defendants for Violations of the Eighth and Fourteenth Amendment Rights

44.    Plaintiff, QUENTA LAMAR WASHINGTON, restates and re-alleges by reference paragraphs 1 through 29 as though fully set forth herein as Paragraph 44 of Count III of this complaint.

45.    From November 7, 2017 until and including November 10, 2017, and at all times material, the Defendant, the LAKE COUNTY SHERIFF, owned, operated and maintained the Lake County Jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under the color of State Law.

46.    From November 7, 2017 until and including November 10, 2017, Plaintiff, QUENTA LAMAR WASHINGTON, was a pretrial detainee in the care, custody and control of the LAKE COUNTY SHERIFF.

47.    From November 7, 2017, until and including November 10, 2017, Plaintiff, QUENTA LAMAR WASHINGTON, was under the actual care, custody and control of the Defendant, LAKE COUNTY SHERIFF and Lake County Jail, who therefore became responsible for Plaintiff, QUENTA LAMAR WASHINGTON'S health, safety and overall welfare.

48. From November 7, 2017, until and including November 10, 2017, notwithstanding the duties and obligations described above, the Defendants, LAKE COUNTY SHERIFF, LAKE COUNTY, CURRAN, WATHEN and JOHN DOE LAKE COUNTY SHERIFF OFFICERS, by and through its agents and employees, committed one or more of the following acts of deliberate and utter indifference:

    a. Intentionally shut off the water at Lake County Adult Correctional Facility;

    b. Failed or intentionally deprived Plaintiff, QUENTA LAMAR WASHINGTON, the necessary amount of drinking water;

    c. Failed or intentionally deprived Plaintiff, QUENTA LAMAR WASHINGTON, from taking a shower;

    d. Failed or intentionally subjected Plaintiff, QUENTA LAMAR WASHINGTON, to be in a cell while feces and urine festered in the toilet for a prolonged period of time;

    e. Had inadequate policies and/or procedures in effect to ensure the safety, health and well-being of Plaintiff, QUENTA LAMAR WASHINGTON, when they shut the water off;

    f. Failed or intentionally caused Plaintiff, QUENTA LAMAR WASHINGTON, to live in inhumanely and unsanitary conditions;

    g. Failed or intentionally ignored the Plaintiff, QUENTA LAMAR WASHINGTON'S requests for additional water, and concerns of living in unsanitary conditions;

49. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff, QUENTA LAMAR WASHINGTON, was deprived of rights, privileges and immunities guaranteed by his Eighth and Fourteenth Amendments to the United States Constitution, namely he was subjected to inhumanely and unsanitary living conditions and as a result suffered injuries.

14

50.    Defendants knew or should have known that shutting off the water at the Lake County Adult Correctional Facility, and limiting the Plaintiff, QUENTA LAMAR WASHINGTON, to five water bottles per day for all purposes, would result in her becoming sick or experience general malaise. By failing to act in the face of an obvious risk, the Defendants' failure to take adequate precautions to ensure that Plaintiff, QUENTA LAMAR WASHINGTON, had sufficient water for all purposes, was the direct and proximate cause of her injuries.

WHEREFORE, Plaintiffs demand damages, jointly and severally, against OFFICE OF THE LAKE COUNTY SHERIFF, SHERIFF MARK CURRAN, LAKE COUNTY JAIL, CHIEF DAVID WATHEN AND JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, and for such other and further relief as this Court deems equitable and just.

## COUNT IV
### Lewis Myles Against All Defendants for Violations of the Eighth and Fourteenth Amendment Rights

51.    Plaintiff, LEWIS MYLES, restates and re-alleges by reference paragraphs 1 through 29 as though fully set forth herein as Paragraph 51 of Count IV of this complaint.

52.    From November 7, 2017 until and including November 10, 2017, and at all times material, the Defendant, the LAKE COUNTY SHERIFF, owned, operated and maintained the Lake County Jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under the color of State Law.

53.    From November 7, 2017 until and including November 10, 2017, Plaintiff, LEWIS MYLES, was a pretrial detainee in the care, custody and control of the LAKE COUNTY SHERIFF.

54.    From November 7, 2017, until and including November 10, 2017, Plaintiff, LEWIS MYLES, was under the actual care, custody and control of the Defendant, LAKE COUNTY

SHERIFF and Lake County Jail, who therefore became responsible for Plaintiff, LEWIS MYLES' health, safety and overall welfare.

55. From November 7, 2017, until and including November 10, 2017, notwithstanding the duties and obligations described above, the Defendants, LAKE COUNTY SHERIFF, LAKE COUNTY, CURRAN, WATHEN and JOHN DOE LAKE COUNTY SHERIFF OFFICERS, by and through its agents and employees, committed one or more of the following acts of deliberate and utter indifference:

    a. Intentionally shut off the water at Lake County Adult Correctional Facility;

    b. Failed or intentionally deprived Plaintiff, LEWIS MYLES, the necessary amount of drinking water;

    c. Failed or intentionally deprived Plaintiff, LEWIS MYLES, from taking a shower;

    d. Failed or intentionally subjected Plaintiff, LEWIS MYLES, to be in a cell while feces and urine festered in the toilet for a prolonged period of time;

    e. Had inadequate policies and/or procedures in effect to ensure the safety, health and well-being of Plaintiff, LEWIS MYLES, when they shut the water off;

    f. Failed or intentionally caused Plaintiff, LEWIS MYLES, to live in inhumanely and unsanitary conditions;

    g. Failed or intentionally ignored the Plaintiff, LEWIS MYLES' requests for additional water, and concerns of living in unsanitary conditions;

56. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff, LEWIS MYLES, was deprived of rights, privileges and immunities guaranteed by his Eighth and Fourteenth Amendments to the United States Constitution, namely he was subjected to inhumanely and unsanitary living conditions and as a result suffered injuries.

57. Defendants knew or should have known that shutting off the water at the Lake County Adult Correctional Facility, and limiting the Plaintiff, LEWIS MYLES, to five water bottles per day for all purposes, would result in him becoming sick or experienced general malaise. By failing to act in the face of an obvious risk, the Defendants' failure to take adequate precautions to ensure that Plaintiff, LEWIS MYLES, had sufficient water for all purposes, was the direct and proximate cause of his injuries.

WHEREFORE, Plaintiffs demand damages, jointly and severally, against OFFICE OF THE LAKE COUNTY SHERIFF, SHERIFF MARK CURRAN, LAKE COUNTY JAIL, CHIEF DAVID WATHEN AND JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, and for such other and further relief as this Court deems equitable and just.

## COUNT V
### Lavonte Murel Against All Defendants for Violations of the Eighth and Fourteenth Amendment Rights

58. Plaintiff, LAVONTE MUREL, restates and re-alleges by reference paragraphs 1 through 29 as though fully set forth herein as Paragraph 58 of Count V of this complaint.

59. From November 7, 2017 until and including November 10, 2017, and at all times material, the Defendant, the LAKE COUNTY SHERIFF, owned, operated and maintained the Lake County Jail for purposes of housing inmates and pretrial detainees, and, as such, was acting under the color of State Law.

60. From November 7, 2017 until and including November 10, 2017, Plaintiff, LAVONTE MUREL, was a pretrial detainee in the care, custody and control of the LAKE COUNTY SHERIFF.

61. From November 7, 2017, until and including November 10, 2017, Plaintiff, LAVONTE MUREL, was under the actual care, custody and control of the Defendant, LAKE COUNTY

SHERIFF and Lake County Jail, who therefore became responsible for Plaintiff, LAVONTE MUREL'S health, safety and overall welfare.

62.   From November 7, 2017, until and including November 10, 2017, notwithstanding the duties and obligations described above, the Defendants, LAKE COUNTY SHERIFF, LAKE COUNTY, CURRAN, WATHEN and JOHN DOE LAKE COUNTY SHERIFF OFFICERS, by and through its agents and employees, committed one or more of the following acts of deliberate and utter indifference:

a.   Intentionally shut off the water at Lake County Adult Correctional Facility;

b.   Failed or intentionally deprived Plaintiff, LAVONTE MUREL, the necessary amount of drinking water;

c.   Failed or intentionally deprived Plaintiff, LAVONTE MUREL, from taking a shower;

d.   Failed or intentionally subjected Plaintiff, LAVONTE MUREL, to be in a cell while feces and urine festered in the toilet for a prolonged period of time;

e.   Had inadequate policies and/or procedures in effect to ensure the safety, health and well-being of Plaintiff, LAVONTE MUREL, when they shut the water off;

f.   Failed or intentionally caused Plaintiff, LAVONTE MUREL, to live in inhumanely and unsanitary conditions;

g.   Failed or intentionally ignored the Plaintiff, LAVONTE MUREL'S requests for additional water, and concerns of living in unsanitary conditions;

63.   As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, Plaintiff, LAVONTE MUREL, was deprived of rights, privileges and immunities guaranteed by his Eighth and Fourteenth Amendments to the United States Constitution, namely he was subjected to inhumanely and unsanitary living conditions and as a result suffered injuries.

64.    Defendants knew or should have known that shutting off the water at the Lake County Adult Correctional Facility, and limiting the Plaintiff, LAVONTE MUREL, to five water bottles per day for all purposes, would result in her becoming sick or experienced general malaise. By failing to act in the face of an obvious risk, the Defendants' failure to take adequate precautions to ensure that Plaintiff, LAVONTE MUREL, had sufficient water for all purposes, was the direct and proximate cause of his injuries.

WHEREFORE, Plaintiffs demand compensatory damages, jointly and severally, against OFFICE OF THE LAKE COUNTY SHERIFF, SHERIFF MARK CURRAN, LAKE COUNTY JAIL, CHIEF DAVID WATHEN AND JOHN DOE LAKE COUNTY SHERIFF OFFICERS AND SUPERVISORS, and for such other and further relief as this Court deems equitable and just.

## COUNT VI
## 745 ILCS 10/9-102 Indemnification Claim Against the County of Lake

65.    Plaintiff adopts and re-alleges paragraphs 1 through 64 of counts I through V as paragraph 65 of count VI as though fully set forth herein.

66.    In the event that any individual defendant is found liable for their actions performed in the course of their employment, the COUNTY OF LAKE, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, Plaintiffs demand that the COUNTY OF LAKE, pay for any compensatory judgment against individual defendants who acted in the course of their employment.

## JURY DEMAND

PLAINTIFFS demand trial by jury.

Respectfully Submitted,

/s/ Kevin W. O'Connor
Attorney for Plaintiff

**O'CONNOR LAW FIRM, LTD.**
Kevin W. O'Connor
Matthew M. Popp
19 S. LaSalle, Suite 1400
Chicago, IL  60603
Phone:  312-906-7609
Fax:  312-263-1913
firm@koconnorlaw.com