# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| TAPANGA HARDEMAN, et al | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | Case No. 17-cv-8729 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| COUNTY OF LAKE., et al. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Tapanga Hardeman, Daniel Williams, Lewis Myles, Quenta Lamar Washington, and Lavonte Murel, on their own behalf and on behalf of all affected inmates (collectively, "Detainees"), bring this action against defendants, County of Lake, Office of the Lake County Sheriff, Sheriff Mark Curran, Chief David Wathen, and John Doe Officers and Supervisors (collectively, "Lake County Corrections") for violating the Civil Rights Act of 1871, 42 U.S.C.§ 1983, pursuant to the Eighth and Fourteenth Amendment. Plaintiffs also seek indemnification from the County of Lake in the event that the individually named defendants are found liable for actions performed in the course of their employment. Lake County Corrections now move this Court to dismiss Detainees' Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons set forth below, this Court grants Defendants' motion in part and denies it in part.

**Background**

The following facts are taken as true for the purpose of deciding this motion. Detainees, were being held prior to trial at Lake County Adult Correctional Facility in Waukegan, County of Lake, IL. On or about November 7, 2017, when Detainees were housed at Lake County Correctional Adult Facility, Lake County Corrections turned off the water without advanced notice to the inmates. The water was not turned on again until November 10, 2017. While the water was

1

turned off, Lake County provided inmates with five bottles of water per day to use for their personal needs, such as drinking, hygiene, cooking, and medical purposes. Detainees were provided a communal barrel of water located in the "pod" to use for bathing, cleaning their cells, and flushing the toilet. During this time, Detainees complained that they were deprived of sufficient water to take medication and to stay hydrated. While the water was shut off, Detainees also allege that they were restricted to flushing the toilets in their cells only when feces were present, and totally prohibited from flushing the commodes at night. Detainees contend that bodily excrement sat in toilets for prolonged periods, which attracted more vermin to the jail cells and caused a stench that made Detainees sick, agitated, and sleep-deprived.

Detainees filed this Complaint on December 4, 2017, alleging that Lake County Corrections violated their Eight and Fourteenth Amendment rights by intentionally depriving the detainees of adequate amounts of water for three days, which caused them to live in unsafe, inhumane and unsanitary conditions, and to suffer from various physical ailments.

**Legal Standard**

A motion to dismiss pursuant to a Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint, not the merits of the allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 – 80, 129 S. Ct. 1937 (2009). The issue to be determined by this Court is not whether the plaintiff should prevail, but whether under the plausibility standard, the plaintiff has alleged more than a possibility that the defendant actions were unlawful. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2012). When ruling on motion to dismiss, a court must review all well-plead facts in the light most favorable to the nonmoving party. *Id.*

**Discussion**

The underlying premise for all of Detainees' claims is the water shut-down violated their Eighth and Fourteenth Amendment rights. Lake County Corrections moves to dismiss Detainees'

2

entire Complaint arguing the insufficiency of the alleged constitutional violations. Specifically, they contend that the Eighth and Fourteenth Amendment claims cannot stand for two reasons: (1) the water shut-off was done for a legitimate governmental purpose, not punishment, and (2) the alleged deprivations were not of such a constitutional magnitude to show deliberate indifference. Additionally, Lake County Corrections contends that the suit is improper because it is entitled to qualified immunity as a government entity.

Section 1983 provides an avenue for vindicating federal rights impaired by state actors; however, it does not create a substantive right in and of itself. *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997). A plaintiff must first identify the underlying constitutional right at issue in order to properly state a claim. *Id.* As jail officials have a duty to provide humane conditions of confinement to prisoners, *Farmer v. Brennan*, 511 U.S. 825, 832, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994), pretrial detainees are entitled to at least as much protection as the constitution provides convicted inmates when government actors treat them with deliberate indifference; however, courts have found that the Eighth Amendment does not apply to pretrial detainees. *Board v. Farnham*, 394 F. 3d 469, 477(7th Cir. 2005). The Supreme Court has determined that the proper framework for evaluating constitutional challenges to the conditions of pretrial detention is to examine whether those conditions amount to punishment since punishment prior to a determination of guilt violates due process under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 1872 (1979). Accordingly, even though Courts apply the same Eighth Amendment deliberate indifference standard and look to the same case law in addressing claims, the protected right in prison condition complaints is properly derived from the Fourteenth Amendment for pre-trial detainees. *Rice v. Corr. Med. Servs. (In re Estate of Rice)*, 675 F.3d 650, 664 (7th Cir. 2012).[1]

---

[1] Detainees raise their Section 1983 claim under both the Eight and Fourteenth Amendment. Since the Eighth Amendment is not the proper avenue for a pretrial detainee to file a prison conditions

In evaluating the constitutionality of the conditions or restrictions placed on pretrial detainees, courts look at whether the conditions alleged in the complaint amount to punishment. *Board*, 394 F.3d at 477. In order for a deliberate indifference claim to be constitutionally actionable under either the Eight or Fourteenth Amendment, a plaintiff has the burden of showing that: "(1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to her health or safety." *Id.* at, 478; *Farmer*, 511 U.S. at 834-37.

Adverse conditions amount to unlawful punishment when they result in the denial of basic human needs, such as food, clothing, shelter, medical care, and reasonable safety. *Farmer,* 511 U.S. at 832; *Rice*, 675 F.3d at 664. An official acts with deliberate indifference "when he is subjectively aware of the condition or danger complained of, but consciously disregards it." *Rice*, 675 F.3d at 665. Prisoners are protected from an official's deliberate indifference to their current serious health issues as well as deliberate indifference to the unreasonable risk of serious damage to the prisoner's future health. *Henderson v. Sheahan*, 196 F.3d 839, 846-47 (7th Cir. 1999). All inconveniences or uncomfortable conditions of confinement do not necessarily amount to a constitutional deprivation. *Bell*, 441 U.S. at 538. A single alleged prison condition or act alone may not constitute a constitutional deprivation; however, courts may aggregate conditions to find that, taken together, those conditions deprived a detainee of his or her basic human necessities. *Budd v. Motley,* 771 F.3d 840, 842-42 (7th Cir. 2013). If the alleged condition arises incident to a legitimate governmental punishment, such a condition is not presumed to have the requisite intent to punish that would make it unconstitutional. *Hampton v. Fairman*, Case No. 93 C 4076, 1995 U.S. Dist. LEXIS 3995, at *14 (N.D. Ill. Mar. 28, 1995)(Williams, J.).

Here, Detainees have alleged several things that they contend amount to a constitutional

---

grievance, that portion of the allegation is dismissed with prejudice. *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Reed v. City of Chi.*, No. 01 C 7865, 2002 U.S. Dist. LEXIS 13375, at *4 (N.D. Ill. Mar. 12, 2002) (Moran, J.).

violation, to include a lack of water and prolonged exposure to human excrement.

*Adverse Conditions*

While there is no mandate that each prisoner be provided clean, cold, warm, or running water in their cells, Courts have found that water is essential to living so a detainee's lack of drinking water over an extended period of time can constitute a constitutional. *See Williams v. Collins*, 2015 U.S. Dist. LEXIS 98725, 9 (N.D. Ill. 2015) (Kocoras, J.). A temporary lack of drinking water in one's cell is not necessarily actionable under Section 1983 unless that prisoner is denied access to other sources of water. *Id.* (citing *Tesch v. Cnty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998)(holding that a disabled inmate's allegations that he was denied assistance in "obtaining drinking water" for "less than two full days" was de minimis and did not state a claim for relief). Additionally, when the lack of water is connected to some other essential need, such as proper health and hygiene, a constitutional deprivation is possible. *See id.* (allegations that prisoner could not 'hydrate 'or take 'prescribed medication' without water in his cell sufficiently pled an unconstitutional condition of confinement); *Jones v. Dart,* 2015 U.S. Dist. LEXIS 12880, 5 – 8 (N.D. Ill. 2015)(Guzmán, J.). Further, courts are also clear that exposure to human excrement, regardless of the length of time, carries with it such an acute health risk that it offends the standards of human decency. *Budd,* 711 F.3d at 843; *Christopher v. Buss,* 384 F.3d 879, 882 (7th Cir. 2004).

The three-day water shutdown by itself would likely not amount to a viable constitutional deprivation since it was connected to a legitimate governmental purpose and Detainees were provided with alternative sources of water, i.e. the five bottles per day and the communal water barrel. Nonetheless, the associated hygiene issues alleged above could amount to sufficiently serious conditions to satisfy the first prong of the deliberate indifference test. Further, the fact that prison officials declined to provide additional water or relief from the clogged commodes when Detainees made requests supports a finding of deliberate indifference to Detainees' present and potential

5

health issues, satisfying the second prong.

Considering the alleged adverse conditions arising from the water shut-down coupled with the prison's failure to address the requests of prisoners during the shut-down in a light most favorable to the Detainees, this Court finds that there is a sufficient factual basis to make out a Section 1983 claim that withstands Rule 12(b)(6) scrutiny. Accordingly, Defendant's motion to dismiss is denied.

*Qualified Immunity*

Qualified immunity shield officials from civil liability so long their conduct does not violate clearly established constitutional standards known to a reasonable person. *Hernandez v. Mesa* 137 S. Ct. 2003, 2009 (U.S. 2017). In determining if qualified immunity is an available defense, a court must first determine whether a constitutional right has been violated. *Saucier v. Katz*, 533 U.S. 194, 200 -01, 121 S. Ct. 2151 (2001). If one is present, then the Court looks to whether that right was clearly established at the time. *Id.*

In light of the facts offered in the complaint and the aforementioned discussion, Detainees have sufficiently alleged a violation of their Fourteenth amendment rights. Further, as prison officials have a known duty to provide humane and reasonably safe conditions for the prisoners under their control, the right was clearly established as well. *Farmer*, 511 U.S. at 832. As such, the Court does not find, at this stage, that qualified immunity applies. Defendants' motion is denied.

**Conclusion**

For the above reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is denied in part and granted in part.

IT IS SO ORDERED.

ENTERED: SHARON JOHNSON COLEMAN
United States District Court Judge

Dated: 7/23/2018