UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAPANGA HARDEMAN, *et al.*, ) | |
| ) | No. 17 CV 8729 |
| Plaintiffs,  ) | |
| ) | |
| v.  ) | Magistrate Judge Young B. Kim |
| ) | |
| COUNTY OF LAKE, *et al.*,  ) | |
| ) | April 26, 2021 |
| Defendants.  ) | |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiffs' motion for leave to depose the former and current Sheriffs of Lake County, Mark Curran and John Idleberg, respectively. For the following reasons, the motion is denied without prejudice:

**Background**

Plaintiffs are a certified class of individuals who were detainees at the Lake County Adult Correctional Facility ("the detention center") in November 2017. They allege that Defendants violated their Eighth and Fourteenth Amendment rights during a three-day water shut off at the detention center from November 7 through November 10, 2017. (R. 1, Class Compl. at 6-17.) During these three days, Defendants allegedly limited the detainees to shared barrels of water for bathing, cleaning their cells, and flushing toilets. They also allegedly limited each detainee to five bottles of water per day for personal needs, including for drinking, cooking, and hand and face washing. (Id. at 7-8.) According to the complaint, Defendants also restricted toilet-flushing during this three-day period, and the resulting odors

allegedly attracted insects and caused Plaintiffs to become ill and lose sleep. (Id. at 8.) In short, Plaintiffs claim that Defendants' inhumane and unsanitary water use restrictions violated their constitutional rights. (Id.)

On March 10, 2021, the parties submitted their status report identifying the initial set of depositions each side requires. (R. 66, J. Status Rep.) In the status report, Plaintiffs indicated that they seek to depose six individuals, including the former and current Sheriffs of Lake County—Curran and Idleberg. (Id.) Defendants objected to Plaintiffs' request to depose Curran and Idleberg in the status report, asserting that "neither officeholder had any direct role in the matters at issue in the complaint." (Id.) Plaintiffs filed the instant motion to resolve Defendants' objection.

**Analysis**

Plaintiffs argue that Curran's and Idleberg's testimonies are "important and relevant to this matter" because, according to them, Curran and Idleberg were the decision makers involved in implementing the water access policies at the detention center. (R. 70, Pls.' Mot. at 1-2.) Plaintiffs allege that Curran—who served as the Sheriff during the alleged water shut off in November 2017—was "the official policymaker" for detainee confinement matters, which they argue are at "the crux of [P]laintiffs' complaint." (Id. at 2, 4.) As for Idleberg, Plaintiffs assert that because he was the Sheriff during a one-day water shut off at the detention center in December 2018, his testimony would "show the feasibility of shutting down the

2

water at the jail for one day," instead of shutting down for three days as occurred in November 2017. (Id. at 5.)

In response to the motion, Defendants submitted affidavits from Curran and Idleberg, both attesting that they lack specific knowledge of the water shut offs because of their limited role in the detention center's operations. (R. 72, Defs.' Resp. at Exs. 1 & 2.) They testified that they did not actively participate in planning or executing the water shut offs. (Id.) In addition, Defendants argue that Curran's and Idleberg's testimony is unnecessary given that Plaintiffs are deposing other officials who can provide the information Plaintiffs plan to seek from the Sheriffs. (Id. at 5.) The court agrees with Defendants.

Federal Rule of Civil Procedure 26(b)(1) permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." However, the court may limit discovery for various reasons, including to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). When a party seeks to depose a high-ranking official, the court may prevent such "apex" depositions out of concern for the official's time "when any one of four circumstances exist: (1) the official has no unique personal knowledge of the matter in dispute; (2) the information can be garnered from other witnesses or (3) other discovery methods; and (4) sitting for the deposition would impose a hardship in light of the officer's other duties." *Little v. JB Pritzker for Governor*, No. 18 CV 6954, 2020 WL 868528 at *1 (N.D. Ill. Feb. 21, 2020) (internal quotation omitted).

3

The court denies Plaintiffs' motion for several reasons. First, Plaintiffs have not established that deposing either Curran or Idleberg is likely to lead to any information relevant to the claims or defenses. Plaintiffs claim in their motion that Curran possesses personal knowledge about implementing the water shut off and that both Curran and Idleberg have personal knowledge about alternatives to the shut off that were and are available to them. (R. 70, Pls.' Mot. at 4-5.) But in his affidavit Curran attests that he lacks specific knowledge about the water shut off because he relied on others to manage the detention center's operations. (R. 72, Defs.' Resp. Ex. 1.) Similarly, Idleberg attests in his affidavit that he lacks specific knowledge about either the November 2017 or December 2018 water shut offs. (R. 72, Defs.' Resp. Ex. 2.) Even if Curran's or Idleberg's testimony could lead to information relevant to this case, Plaintiffs have not overcome the Sheriffs' asserted lack of specific knowledge about the shut offs.

Second, not only do Curran and Idleberg attest that they have no personal knowledge relevant to Plaintiffs' claims, but Defendants have also shown a likelihood that the information Plaintiffs seek will be available through other witnesses. *See Little*, 2020 WL 868528, at *1. Because Plaintiffs have not yet taken a deposition or commenced written discovery, the court is unable to determine whether other witnesses will provide the information Plaintiffs seek from Curran and Idleberg. As such, requiring the depositions of the former and current Sheriffs would be premature at this time.

4

Third, Plaintiffs have not established how their claimed need to take Idleberg's deposition outweighs the burden placed on him, given that he is currently serving as the Lake County Sheriff. *See Little*, 2020 WL 868528, at *1; *see also Stagman v. Ryan*, 176 F.3d 986, 994 (7th Cir. 1999) (explaining that "depositions of public officials create unique concerns"). Given Idleberg's asserted lack of knowledge about the water shut offs, Plaintiffs are unlikely to gain helpful testimony from him, so there is no current justification to remove him from his duties for the proposed deposition. *See Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) (upholding decision to disallow police superintendent's deposition because he "should not be taken away from his work to spend hours . . . answering lawyers' questions unless there is a real need"). If Plaintiffs' upcoming depositions do not produce the information they seek and cast doubt on the Sheriffs' claimed lack of knowledge, Plaintiffs may renew their motion for leave to depose them.

## Conclusion

For the foregoing reasons, Plaintiffs' motion is denied without prejudice.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

5